# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D22-1869

_____

DAVID WINN MCPHEETERS,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Writ of Prohibition—Original Jurisdiction.

September 28, 2022

PER CURIAM.

On June 17, 2022, this Court received through the mail a Motion to File Enlarged Brief authored by David Winn McPheeters. In the motion, Mr. McPheeters references a "forthcoming petition for writ of prohibition" and states that he "needs to exceed the standard length of brief as it is insufficient to address the areas of contention . . . ." We dismiss.

As the first document received by the Court in this case, this motion never invoked this Court's jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const. (establishing this Court's appellate jurisdiction); Art. V, § 4(b)(2), Fla. Const. (establishing this Court's jurisdiction over administrative action); Art. V, § 4(b)(3), Fla. Const. (establishing this Court's original jurisdiction); *see also*, Fla. R. App. P. 9.110(b)

("Jurisdiction of the court under this rule shall be invoked by filing a notice . . . ."); Fla. R. App. P. 9.100(b) ("The original jurisdiction of the court shall be invoked by filing a petition . . . .").

Neither the Florida Constitution nor the Florida Rules of Appellate Procedure requires this Court to open a case just because it receives a document in the mail. *See* Art. V, § 2(a), Fla. Const. ("The supreme court shall adopt rules for the practice and procedure in all courts including the time for seeking appellate review, the administrative supervision of all courts, the transfer to the court having jurisdiction of any proceeding when the jurisdiction of another court has been improvidently invoked, and a requirement that no cause shall be dismissed because an improper remedy has been sought.").

McPheeters did not simply file a correct jurisdiction-triggering document in the wrong court. *See generally* Fla. R. App. P. 9.040(b)(1) ("If a proceeding is commenced in an inappropriate court, [then] that court shall transfer the cause to an appropriate court."). Nor did he file the wrong jurisdiction-triggering document in the right court. *See* Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy."). Instead, he simply mailed a motion purportedly relating to a petition that he intended to file at a later, unspecified date. Because the Motion to File Enlarged Brief did not invoke this Court's jurisdiction, this Court could have rejected the filing and declined to open a case.

Subsequently, however, McPheeters sent two more motions. On July 20, 2022, this Court received a Motion for Constitutional Stay Writ, where McPheeters requested that this Court stay proceedings in the circuit court pending review of the forthcoming petition for writ of prohibition in this case. McPheeters articulated no basis for the upcoming petition for writ of prohibition.

On July 25, 2022, this Court received a Motion for Emergency Stay. In this motion, McPheeters again asks this Court for an emergency stay of the circuit court proceedings while this case is pending, but this time claiming that he planned to file a petition

2

for writ of mandamus. Again, McPheeters offered no basis for a mandamus petition.

Neither the Motion for Constitutional Stay Writ nor the Motion for Emergency Stay articulates any specific basis for relief. Instead, they only contain generalized allegations that the lower court violated McPheeters' constitutional and civil rights. Because nothing filed in this case alleged a proper basis for relief, we dismiss this case.

DISMISSED.

B.L. THOMAS, KELSEY, and WINOKUR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

David Winn McPheeters, pro se, Petitioner.

Ashley Moody, Attorney General, Tallahassee, for Respondent.